**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARLES WARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11 CV 1981 RWS/DDN |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This action is before the court upon the petition of Missouri state prisoner Charles Ward for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The matter was referred to the undersigned United States Magistrate Judge for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends that the petition for a writ of habeas corpus be denied.

**I. BACKGROUND**

On January 22, 2009, petitioner Charles Ward pled guilty in the Circuit Court of the City of St. Louis to two counts of robbery in the first degree (Counts 1 and 5), one count of assault in the first degree (Count 3), and three related counts of armed criminal action (Counts 2, 4, and 6). (Doc. 17, Ex. A at 12-13.) On May 15, 2009, the circuit court sentenced petitioner as a prior and persistent offender. Petitioner received twenty-five years imprisonment for the Counts 1 and 2 robbery in the first degree and the related armed criminal action; 28 years imprisonment for the Count 3 first degree assault and the Count 4 armed criminal action; and 25 years imprisonment for the Counts 5 and 6 first degree robbery and armed criminal action. All sentences were ordered to be served concurrently with each other. (Id. at 12-16.)

On June 26, 2009, petitioner filed in the circuit court a pro se motion for post-conviction relief under Missouri Supreme Court Rule 24.035. (Id. at 89-122.) In this lengthy motion petitioner alleged: (a) his defense counsel rendered constitutionally ineffective assistance by (1) failing to investigate and interview the state's witnesses

and case; (2) failing to investigate and interview potential defense witnesses Brenda and Alisha Robinson and Zedric Ward; (3) failing to keep petitioner informed of the case; (4) failing to inform petitioner that the state had offered a sentence of 20 years imprisonment for a guilty plea; and (5) failing to inform petitioner fully about the sentencing consequences; (b) the indictment in this case was facially defective, because it charged both first degree robbery and armed criminal action in violation of the Double Jeopardy Clause; (c) his right to Due Process was violated when he was charged as a prior and persistent offender; (d) petitioner was coerced into cooperating with the police and participating in a lineup; (e) petitioner was under the influence of drugs when interviewed by the police; and (f) the charges were not supported by sufficient evidence. (Id. at 90-118.)

On December 8, 2009, through appointed counsel, petitioner filed an amended motion for post-conviction relief. The amended motion alleged that (a) his trial court defense counsel misinformed him that when he made his open guilty plea he would receive between 10 and 15 years imprisonment; (b) petitioner was incorrectly sentenced as a persistent offender; and (c) his trial counsel failed to proceed to a jury trial as petitioner had wanted and to call petitioner's alibi witnesses, Brenda and Alisha Robinson. Petitioner sought an evidentiary hearing on these allegations. (Id. at 134-62.)

On November 23, 2010, without an evidentiary hearing, the circuit court found that it had improperly sentenced petitioner as a persistent felony offender, but only on Count 3, the first degree assault. The court concluded that it had sentenced petitioner within the applicable law on the other counts. The circuit court denied petitioner's other grounds for relief. (Id. at 164-79.) On December 10, 2010, the circuit court resentenced petitioner as a prior, but not as a persistent, offender, on Count 3. At the resentencing hearing, when he understood that he would likely receive a lesser sentence only on Count 3, petitioner voiced his objection:

> Yes, sir. I mean, from your orders from what I'm reading it's saying that counts, what's this, Counts III, II, IV and VI, that, you know, that--it's supposed to be some relief on them things. And [the prosecutor] is saying that count, what's that, IV, that you sentence me to twenty-eight years on the assault and you sentence me to twenty-five years on count, what's that, II and VI, and twenty-eight years on Count IV, I don't understand, you know, I don't understand that. You know what I'm saying? If your order is saying that I

supposed to get relief on four of them counts and all of a sudden I'm in the courtroom and the prosecutor is saying something different I want you to explain that to me.

(Id. Ex. B at 8.)

In the resentencing, petitioner received the original twenty-five years imprisonment for the Counts 1 and 2 robbery in the first degree and armed criminal action; but a lesser sentence of 15 years imprisonment for the Count 3 first degree assault; the original 28 years imprisonment for the Court 4 armed criminal action; and the original 25 years imprisonment for the Counts 5 and 6 first degree robbery and armed criminal action. All sentences were again ordered to be served concurrent with each other. (Id. at 180-84.)

After the resentencing, petitioner asked the court why it did not change the sentences on more than Count 3 when it eliminated the finding that petitioner was a persistent offender. (Id. at 11.) The court responded that, even without the persistent offender status, it believed he warranted the new sentences because of his criminal record among "a number of factors that I weighed in deciding what was the proper sentence for you." (Id. at 13.)

In his pro se direct appeal to the Missouri Court of Appeals, petitioner argued the circuit court erred by not replacing petitioner's post-conviction relief counsel and for not considering the grounds raised in petitioner's original pro se post-conviction relief motion. (Resp. Ex. C.)

On June 21, 2011, the Missouri Court of Appeals affirmed the circuit court's denial of relief. (Id., Ex. E.); Ward v. State, 347 S.W.3d 551 (Mo. Ct. App. 2011). In its supplemental memorandum opinion, the court stated that the circuit court sufficiently considered petitioner's claim that his appointed counsel abandoned him and it did not err by not replacing counsel, because counsel had filed an amended motion for post-conviction relief that complied with the rules. (Resp. Ex. E.)

On March 18, 2011, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.)

## II. PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges three grounds for relief in this habeas action:

(1) The Missouri state trial and appellate courts erred by not considering the grounds he raised in his original pro se motion for post-conviction relief that were not alleged in the amended motion. These grounds are his federal Grounds 2 and 3, set out next.

(2) The state trial court erred by accepting petitioner's guilty plea without a knowing, voluntary, and intelligent waiver, because he did not remember committing the charged offenses.

(3) Petitioner's trial counsel rendered constitutionally ineffective assistance by failing to object to the circuit court's erroneous granting of the prosecution's request to unlawfully amend the indictment at the guilty plea hearing.

(Doc. 1 at 7-15.)

Respondent contends that Ground 1 is not cognizable in this federal habeas corpus action and that Grounds 2 and 3 are procedurally barred and without merit.

### III. EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for the claims they make in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Given the limitation periods under Missouri law, for asserting grounds for relief on direct appeal and in motions for post-conviction relief, no proper procedure for litigating his federal habeas claims now remains available to petitioner. See Mo. S. Ct. R. 24.035(b) (post-conviction relief motion must be filed within 90 days after the mandate of the court of appeals affirming the judgment or sentence is filed; 180 days from the date the person is delivered to the department of corrections); Mo. S. Ct. R. 81.04(a) (10 days to file a notice of appeal after circuit court judgment is final).

However, exhaustion in the sense that petitioner now has no remaining procedure for bringing a claim to the state court does not satisfy the federal statutory requirement. Rather, petitioner must have fairly presented the substance of each federal ground to the trial and appellate courts. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). If he has not done so and has no remaining procedure for doing so because he has defaulted on the legitimate requirements of the otherwise available

procedures, any such ground for federal habeas relief is barred from being considered by the federal courts. Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court).

In his motion for leave to file an amended Rule 24.035 motion, petitioner raised Grounds 2 and 3. (Doc. 17, Ex. A. at 190-91.) The circuit court denied the motion for two reasons, both because it did not comply with Rule 24.035 and because federal Grounds 2 and 3 were without merit. (Id., Ex. B at 6-15) ("Secondly, even if it does fit within those rules, I find no evidence to support either of the claims [petitioner] has set out in this motion.").

Petitioner did not raise federal Grounds 2 and 3 before the Missouri Court of Appeals. He raised there only the federal Ground 1 claim that the circuit court erroneously failed to consider federal Grounds 2 and 3 that were not alleged in the amended post-conviction motion. (Id. Ex. C at 5-10.) The appellate court affirmed the circuit court on the claim that it failed to replace appointed counsel, because the grounds appointed counsel left out of the amended post-conviction motion were not included in his claim of abandonment by counsel). (Id., Ex. E ("The failure to include claims in an amended motion is perceived ineffectiveness of post-conviction counsel which is categorically unreviewable and is not encompassed by abandonment.")

Petitioner's federal Ground 1 was presented to both the Missouri circuit court and the state appellate court and was ruled on its merits. Therefore, it is not procedurally barred. Federal habeas Grounds 2 and 3 are procedurally barred, because they were not presented to and not ruled on their merits by the Missouri Court of Appeals. Therefore, Grounds 2 and 3 are procedurally barred.

Petitioner may avoid the procedural bar if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. Maples v. Thomas, 132 S. Ct. 912, 922 (2012); Coleman v. Thompson, 501 U.S. 722, 749-50 (1991).

To establish sufficient cause for the procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with a state procedural requirement. Maples, 132 S. Ct. at 922; Coleman, 501 U.S. at 750-52. To establish actual prejudice, petitioner must demonstrate that the alleged errors "worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (internal citations omitted); see also Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995) (stating that the standard of prejudice to overcome procedural default "is higher than that required to establish ineffective assistance of counsel under Strickland.").

Petitioner argues that ineffective assistance of his post-conviction relief counsel provides sufficient cause for procedural default, stating that his post-conviction relief counsel did not include in the amended Rule 24.035 motion grounds that petitioner intended to raise. In Coleman, the Supreme Court reasoned that because the Constitution does not guarantee the right to post-conviction relief counsel, that the errors of post-conviction relief counsel cannot constitute sufficient cause. Coleman, 501 U.S. at 757.

Recently, however, the Supreme Court recognized a "narrow exception" to the rule expressed in Coleman, by holding that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez v. Ryan, 132 S. Ct. 1309, 1315-20 (2012). Missouri courts hold that claims of ineffective assistance of counsel are cognizable solely in post-conviction relief motions. State v. Wheat, 775 S.W.2d 155, 157-58 (Mo. 1989), overruled on other grounds by Joy v. Morrison, 254 S.W.3d 885 (Mo. 2008); State v. Finster, 985 S.W.2d 881, 890 (Mo. Ct. App. 1999); State v. Taylor, 1 S.W.3d 610, 612 (Mo. Ct. App. 1999). Therefore, petitioner's allegation of ineffective assistance of post-conviction relief counsel may constitute sufficient cause. However, as discussed in greater detail below, the grounds petitioner intended to raise are without merit, and therefore, he fails to show actual prejudice. Accordingly, petitioner's claim of ineffective assistance of post-conviction relief counsel is insufficient to avoid procedural bar.

Nevertheless, Congress has authorized federal courts to consider and to dismiss procedurally barred grounds if the federal court concludes that the grounds are without merit. 28 U.S.C. § 2254(b)(2). The undersigned has considered all of petitioner's federal grounds on their merits.

### IV. STANDARD OF REVIEW

Petitioner's Ground 1 was adjudicated on its merits by the Missouri Court of Appeals and his Grounds 2 and 3 were adjudicated on their merits by the Missouri Circuit Court. Therefore, this court is guided by the Antiterrorism and Effective Death Penalty Act (AEDPA) which provides that habeas relief may not be granted by a federal court on a claim that has been decided on the merits by a state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Thaler v. Haynes, 130 S.Ct. 1171, 1174 (2010) (per curiam) (citation omitted). This standard is difficult to meet because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (citation omitted). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Thaler, 130 S.Ct. at 1174.

### V. EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing in this court on his grounds for relief. (Doc. 1 at 14.) 28 U.S.C. § 2254(e)(2) provides that this court shall not hold an evidentiary hearing on a habeas corpus claim unless a petitioner shows that:

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner alleges no claim relying on a new rule of law or a factual predicate that could not have been previously discovered with due diligence. Accordingly, petitioner's request for an evidentiary hearing is denied.

## VI. DISCUSSION

### A. Ground 1

In Ground 1, petitioner argues that the Missouri trial and appellate courts erred by denying his Rule 24.035 motion for post-conviction relief. Federal habeas relief is available only where errors of federal constitutional magnitude have occurred. Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994). The Constitution does not guarantee the right to post-conviction relief. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). Accordingly, Ground 1 is not a cognizable federal habeas ground.

### B. Ground 2

In Ground 2, petitioner argues that the trial court erred by accepting his guilty plea without a knowing, voluntary, and intelligent waiver. He alleges that he could not remember committing the charged criminal activity when responding to the court's inquiries during the guilty plea hearing. He also notes that the court granted the prosecution's request to amend the indictment during the hearing to change the address of the location of petitioner's alleged criminal activities.

A court has the duty to ensure that a guilty plea is made intelligently and voluntarily. Godinez v. Moran, 509 U.S. 389, 400 (1993). "The purpose of the 'knowing and voluntary inquiry' . . . is to determine whether the [petitioner] understand[s] the significance and consequences of a particular decision and whether the decision is uncoerced." Id. at 401 n.12. Specifically, courts are required to "[canvass] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 244 (1969).

Prior to accepting petitioner's guilty plea, the Missouri circuit court verified that petitioner understood the nature and factual basis of his charges, the range of applicable sentences, his pleading options and associated consequences, his right to trial and the associated risks and benefits, and that petitioner found his counsel satisfactory. (Doc. 17, Ex. A. at 19-39.)

The record supports petitioner's contentions that he could not remember committing the alleged criminal activity when responding to the court's inquiries and that the court granted the prosecution's request to amend the indictment to correct the address of the location of petitioner's criminal activities. (Id. at 23-27.)

However, "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." North Carolina v. Alford, 400 U.S. 25, 37 (U.S. 1970). Although petitioner could not recall whether he committed the crime, he indicated his awareness of the evidence against him and his belief that a jury would likely find him guilty. (Doc. 17, Ex. A. at 26.)

The record establishes that petitioner understood the significance and consequences of his guilty plea. Therefore, he intelligently entered his plea of guilty. See id. ("In view of the strong factual basis for the plea demonstrated by the State and

[petitioner] clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it.").

A guilty plea is involuntary if it is "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." Brady v. United States, 397 U.S. 742, 755 (1970). "It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired." Mabry v. Johnson, 467 U.S. 504, 508-09 (1984).

The record of petitioner's case is devoid of evidence implicating the validity of petitioner's consent. Further, at the guilty plea petitioner was placed under oath (Resp. Ex. A at 20) and answered the judge's questions:

> THE COURT: Have you talked to Mr. Niehoff enough about all aspects of this case so that you're ready this morning to make an independent and a voluntary decision about how you want to plead each of the six charges?[1]
>
> A: Yes, sir.
>
> THE COURT: Has Mr. Niehoff or anyone else promised you anything to get you to plead guilty?
>
> A: No, sir.
>
> THE COURT: Has Mr. Niehoff or anyone else said something to you like this. Just tell the Judge you're guilty because if you do that, you're guaranteed to get a result that's better than what the State's offer is?
>
> A: No, sir.
>
> THE COURT: Has anyone said that I've made some kind of a promise to encourage you to plead guilty?
>
> A: No, sir.
>
> THE COURT: Has anyone threatened, intimidated, or mistreated you, done anything against your mother or anyone else you care about in order to force you to plead guilty?

---

[1] Terence Niehoff served as petitioner's counsel during the guilty plea hearing. (Doc. 17, Ex. A. at 19.)

A: No, sir.

(Doc. 17, Ex. A. at 39-40.) The record establishes that petitioner voluntarily entered his plea of guilty.

Accordingly, Ground 2 is without merit.

**C. Ground 3**

In Ground 3, petitioner argues that his trial counsel's failure to object to the prosecution's request to amend his indictment at this guilty plea hearing violated his constitutional right to effective assistance of counsel.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court determined that the right to effective assistance of counsel arises from the Sixth and Fourteenth Amendments. Under Strickland, a petitioner is entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

Petitioner must prove two elements to prevail on a claim of ineffective assistance of counsel. First, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687–88. There is a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). Counsel's strategic choices made after thorough investigation are virtually unchallengeable, and decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690–91. Second, petitioner must demonstrate actual prejudice by counsel's deficient performance. Id. at 687. To show prejudice, petitioner must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Lockhart v. Fretwell, 506 U.S. 364, 370 (1993).

In this case the indictment against petitioner stated on the first page, under the style of the case, above general information about the charges, above the identification of the state's witnesses, and above the specific allegations of the offenses charged, that

each of the six offenses was committed at "401 S. 18th St." (Doc. 17, Resp. Ex. A at 9.) The specific allegations in each of the six counts in the indictment alleged that the respective offense was committed "in the City of St. Louis, State of Missouri." (Id. at 9-11.)

At petitioner's guilty plea hearing, the prosecution requested leave to amend the indictment by interlineation the address where petitioner's criminal activity regarding Counts 1 through 4 occurred. The prosecutor stated: "The place on counts one thru (sic) four on the indictment are listed improperly as 401 South 18th Street. They actually occurred at 811 Spruce which is also in the City of St. Louis." (Id. at 23.) The court inquired as to whether petitioner's trial counsel objected. Petitioner's counsel responded, "No, Your Honor." The court granted the prosecution's request. (Id.)

The record indicates that petitioner's trial counsel did not object, because he believed that courts routinely granted this type of request by the prosecution and that his objection would have been overruled. (Doc. 23.) He also believed that, even if an objection by him had been sustained, the prosecution would have reached the same result by formally filing an information to replace the indictment. (Id.) Petitioner's counsel reasonably anticipated that the circuit court would have granted the prosecutor's request, even if counsel had objected. Revised Statute of Missouri § 545.030 provides: "1. No indictment or information shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested or in any manner affected: . . . (18) For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Both for the purposes of § 545.030 and the Sixth Amendment, petitioner fails to show prejudice resulting from his counsel's agreement to the amendment of the indictment. Petitioner merely alleges that he did not receive prior notice of the location of his criminal activities and could not remember committing criminal activity when responding to the court's inquiries during the guilty plea hearing. However, considering that petitioner understood the nature and factual basis of the charges, the evidence against him, and the applicable ranges of sentences, and further believed that a jury would find him guilty, the undersigned finds no reasonable probability that, but for his counsel's conduct, petitioner would have insisted on going to trial.

Accordingly, Ground 3 is without merit.

## VI.  CONCLUSION

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that the petition of Charles Ward for a writ of habeas corpus be denied.

The parties are advised that they have 14 days to file written objections to this Report and Recommendation.  The failure to file timely written objections may waive the right to appeal issues of fact.


    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**


Signed on May 10, 2013.