UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES WARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11 CV 1981 RWS |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before me on the petition for writ of habeas corpus filed by Petitioner Charles Ward. I referred this matter to United States Magistrate Judge David D. Noce for a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On May 10, 2013, Judge Noce filed his recommendation that Petitioner's habeas petition should be denied.

Petitioner objects to Judge Noce's Report and Recommendation. After conducting a de novo review of all matters relevant to the petition, I will adopt and sustain the thorough reasoning of Judge Noce and will deny Petitioner's habeas petition.

Petitioner argues that Judge Noce erred in finding that grounds 2 and 3 of his petition are procedurally barred. However, a review of the record reveals that Petitioner did not raise grounds 2 and 3 before the Missouri Court of Appeals. Because Petitioner did not raise these grounds in his post-conviction appeal, they are procedurally barred. See Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011). A petitioner may overcome this procedural bar by showing cause for the procedural default in state court and actual prejudice as a result of the alleged violation of law, or by demonstrating his actual innocence. Storey v. Roper, 603 F.3d 507, 523 (2012).

Here, even if Petitioner were able to show sufficient cause for his procedural default, he is unable to demonstrate prejudice as the grounds he intended to raise are without merit. And Petitioner has not submitted any new evidence of his actual innocence. Accordingly, Judge Noce correctly determined that Petitioner's claims are procedurally barred.

Despite finding that Petitioner's claims are procedurally barred, Judge Noce fully reviewed Petitioner's federal claims and found them to be without merit. Petitioner contends that Judge Noce applied an incorrect legal standard. Under the Antiterrorism and Effective Death Penalty Act, a federal court may not grant habeas relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This is a highly deferential standard, Hardy v. Cross, 132 U.S. 490, 491 (2011), which Judge Noce correctly applied when reviewing Petitioner's claims.

Petitioner argues that Judge Noce incorrectly decided ground 2 of his petition, which alleges that the trial court erred in accepting his guilty plea. Petitioner specifically contends that he made a "blind plea" rather than an "Alford plea," and thus his plea was not made knowingly, voluntarily, and intelligently. Even if Petitioner's distinction between the types of pleas was correct, it would have no bearing on the analysis of his claim. The record establishes that Petitioner's guilty plea was made knowingly, voluntarily, and intelligently. While Petitioner stated that he could not remember committing the alleged criminal activity when responding to the court's inquiries, he indicated his awareness of the evidence against him and his belief that the jury would find him guilty. He also demonstrated that he understood the significance and

consequences of his guilty plea. As a result, his guilty plea satisfies constitutional requirements. North Carolina v. Alford, 400 U.S. 25, 37 (U.S. 1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."). Accordingly, Judge Noce correctly determined that Petitioner is not entitled to habeas relief on ground 2 of his petition.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Petitioner has not made such a showing. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on May 10, 2013 [#26] is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#27] are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Charles Ward's Petition for Writ of Habeas Corpus [#1] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2013.

3