UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES WARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:11 CV 1981 RWS |
| | ) |
| JEFF NORMAN,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on the Petitioner Charles Ward's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6). Petitioner seeks reconsideration of this Court's denial of grounds 2 and 3 of his petition for habeas relief.

On January 22, 2009, Petitioner plead guilty in the Circuit Court of the City of St. Louis to two counts of robbery in the first degree, one count of assault in the first degree, and three counts of armed criminal action. He was sentenced to 25 years imprisonment for the first robbery count and the related armed criminal action, 28 years imprisonment for assault and armed criminal action, and 25 years imprisonment for the second robbery and armed criminal action counts, each to run concurrent. After Petitioner appealed his convictions and the denial of post-conviction relief to the Missouri Court of Appeals,[2] he filed this case for habeas relief under 28 U.S.C. § 2254.

---

[1] Jay Cassady is currently the warden at Jefferson City Correctional Center, Petitioner's place of incarceration. Jay Cassady should therefore be substituted for Jeff Norman as the Respondent in this case. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

[2] Petitioner's motion for post-conviction relief was denied except to the extent the court found error in sentencing Petitioner as a persistent felony offender for the assault count. Petitioner was re-sentenced, receiving identical sentences on all counts except the assault count, which was reduced to 15 years imprisonment.

On May 10, 2013, the Magistrate Judge filed his Report and Recommendation that Petitioner's habeas petition should be denied. Petitioner objected to the Magistrate Judge's findings in the Report and Recommendation, arguing that the Judge erred in finding that grounds 2 and 3 of his petition were procedurally barred. Grounds 2 and 3 asserted that the state trial court erred by accepting Petitioner's guilty plea without a knowing, voluntary, and intelligent waiver (ground 2), and that Petitioner's trial counsel was constitutionally ineffective for failing to object when the government amended the indictment (by interlineation) at the guilty plea hearing. On August 27, 2015, I sustained, adopted, and incorporated the Magistrate Judge's Report and Recommendation and denied Petitioner's habeas petition. [#28]. The United States Court of Appeals for the Eighth Circuit denied Petitioner's application for certificate of appealability and issued the mandate. [#37 and #39]. The United States Supreme Court denied Petitioner's petition for certiorari on May 27, 2014. [#42]. Petitioner now moves to reopen his closed § 2254 case under Fed. R. Civ. P. 60(b)(6).

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). "Rule 60(b) authorizes relief in only the most exceptional of cases." Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002).

Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2254 petition. See, e.g., Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). However, a state prisoner may file a second or successive motion under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). Where a prisoner files a Rule 60(b) motion following the

2

dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. Boyd, 304 F.3d at 814. If the Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the motion . . . to the Court of Appeals." Id. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 . . . action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

A Rule 60(b) motion that merely alleges a defect in the integrity of the habeas proceedings is not a second or successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 535–36 (2005). A Rule 60(b) motion is also not a successive habeas petition if it "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4. However, a Rule 60(b) motion is a successive petition if it contains a claim, which is defined as an "asserted federal basis for relief" from a judgment of conviction or as an attack on the "federal court's previous resolution of the claim on the merits." Id. at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n. 4. When a Rule 60(b) motion presents such a claim, it must be treated as a second or successive habeas petition.

Petitioner's motion will be denied. Petitioner challenges my denial of grounds 2 and 3 of his habeas petition, arguing that I never addressed these claims in my order. However, a review

3

of the record plainly reveals that both the Magistrate Judge, in his Report and Recommendation, and I, in my Memorandum and Order adopting the Report and Recommendation, overruling Petitioner's objections, and denying habeas relief, found that grounds 2 and 3 were procedurally defaulted because they were not raised in Petitioner's post-conviction appeal. As a part of the procedural default analysis, both the Magistrate Judge and I considered whether Petitioner had shown cause and prejudice to overcome the procedural default, or if Petitioner had demonstrated actual innocence. Storey v. Roper, 603 F.3d 507, 523 (2012). Both the Magistrate Judge and I concluded that Petitioner had not established either cause and prejudice or actual innocence sufficient to overcome the procedural bar. Furthermore, in addition to concluding that grounds 2 and 3 were procedurally defaulted, I fully reviewed Petitioner's federal claims and found them to be without merit.

Petitioner's arguments in this motion are nearly identical to the arguments he raised in grounds 2 and 3 of his petition for habeas relief and in his objections to the Magistrate Judge's Report and Recommendation. Petitioner argues that his guilty plea was not made knowingly, intelligently, and voluntarily. Petitioner also argues that trial counsel erred by failing to object to the government's amendment by interlineation of his indictment. Petitioner asserts that he can overcome the procedural bar to these claims because trial counsel and post-conviction counsel were ineffective in relation to his guilty plea, and because he is "actually innocent." Each of these arguments were brought in Petitioner's habeas petition, and each of them were found to be without merit.

Petitioner attaches affidavits from himself, his wife, and her daughter in support of his actual innocence claim. In each of the affidavits, the affiants claim that Petitioner did not commit the crimes he plead guilty to because he was at home that night, he had lent his car to his

4

brother, and his brother must have committed the crime. While the production of this information in affidavit form is new to the record, the underlying innocence argument was brought in Petitioner's habeas petition and objections – and it was found to be without merit.

Petitioner also cites to Martinez v. Ryan, 132 S.Ct. 1309 (2012), arguing that Martinez requires that this Court reexamine Petitioner's argument that post-conviction counsel was ineffective in failing to include "all grounds known to Petitioner" at his post-conviction proceeding, and that this establishes cause to overcome the procedural default of grounds 2 and 3. This argument was also previously considered during habeas review, and the Court correctly concluded that Petitioner had not established cause and prejudice to overcome the procedural bar.

To the extent that Petitioner is presenting constitutional claims that were presented in his habeas petition, Petitioner is seeking successive habeas review. Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005). To the extent Petitioner is presenting "newly discovered evidence" in order to advance the merits of his actual innocence claim, Petitioner is seeking successive habeas review. Id. Additionally, to the extent Petitioner is attacking this Court's previous resolution of grounds 2 and 3 on the merits, Petitioner is seeking successive habeas review. Id. at 530. However, Petitioner has not obtained authorization from the Court of Appeals to file a successive habeas petition. As a result, to the extent that Petitioner seeks successive habeas review, the motion will be dismissed for lack of jurisdiction because petitioner has not obtained certification to file a successive habeas petition from the Eighth Circuit.

To the extent Petitioner is challenging this Court's previous conclusion that grounds 2 and 3 are procedurally barred and warrant consideration on their merits, Petitioner has not established extraordinary circumstances justifying reconsideration as required by Rule 60(b). Id.

at 535. Moreover, I conducted a merits review of grounds 2 and 3 and found that they were without merit, so any request for a review of these grounds on the merits is moot. As a result, to the extent Petitioner's motion is properly before me on a Rule 60(b) motion, it is denied.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Petitioner has not made such a showing. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief Pursuant to Rule 60(b)(6) [#43] is **DENIED** in part and **DISMISSED** in part for lack of jurisdiction; the motion is denied to the extent the motion is treated as one brought under Rule 60(b)(6), and dismissed for lack of jurisdiction as a second or successive habeas petition in all other respects.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2015.